the assessor of the city of Poughkeepsie for the year 1902. No opinion. The court desires to see the counsel in this case.

**POUGHKEEPSIE TRUST CO. v. LANE** et al. (Supreme Court, Appellate Division, Second Department. October 22, 1903.) Action by the Poughkeepsie Trust Company against Charles E. Lane and others, constituting the board of review of assessments, etc. No opinion. Appeal withdrawn by consent of the parties.

**PRESCOTT, Respondent, v. VILLAGE OF TICONDEROGA, Appellant.** (Supreme Court, Appellate Division, Third Department. November 11, 1903.) Action by Edwin A. Prescott against the village of Ticonderoga. No opinion. Judgment and order unanimously affirmed, with costs.

**PRICE et al., Appellants, v. LOVELL, Respondent.** (Supreme Court, Appellate Division, Fourth Department. November 17, 1903.) Action by Milbert F. Price and another against Joseph Lovell. No opinion.. Judgment and order affirmed, with costs.

In re **PURBY.** (Supreme Court, Appellate Division, Third Department. November 17, 1903.) In the matter of the charges against Alonzo A. Purby, an attorney of the Supreme Court of the state of New York.

**PER CURIAM.** Ordered that Henry P. Pendrick, Esq., of Saratoga Springs, N. Y., be appointed referee to take testimony and report to the court, with his opinion thereon, and that Horace E. McKnight, Esq., of Ballston Spa, N. Y., be substituted as attorney in place of George R. Salisbury, Esq., to prosecute the proceeding.

**QUAIL, Respondent, v. METROPOLITAN ST. RY. CO., Appellant.** (Supreme Court, Appellate Division, Second Department. November 20, 1903.) Action by John H. Quail against the Metropolitan Street Railway Company. No opinion. Appeal dismissed, with taxable costs, before argument.

**QUINN, Respondent, v. CRUMLIN, Appellant.** (Supreme Court, Appellate Division, Fourth Department. October 27, 1903.) Action by James Quinn against William Crumlin, as president, etc. No opinion. Judgment affirmed, with costs.

In re **RANDALL.** (Supreme Court, Appellate Division, First Department. October 16, 1903.) In the matter of Frank E. Randall. No opinion. Motion to dismiss appeal granted, with $10 costs.

**RANDALL, Respondent, v. FINKENBERG, Appellant.** (Supreme Court, Appellate Term. June 22, 1903.) Action by Frank M. Randall against Adolph Finkenberg. From a judgment for plaintiff, defendant appeals. Affirmed. Mr. Blumenthal, for appellant. C. H. Fuller, for respondent.

**PER CURIAM.** Substantially nothing but a question of fact is involved in this case. The claim of the defendant that he should have been allowed to show a custom prevailing with reference to the dealings had in the New York Furniture Exchange is not available. He makes no claim, either in his answer or in his testimony, that he did not purchase the identical goods shown him, and that those identical goods were not to be delivered to him, but other goods of which the articles shown were samples. Judgment affirmed, with costs.

**RANGER, Respondent, v. THALMANN et al., Appellants.** (Supreme Court, Appellate Division, First Department. October 16, 1903.) Action by Solomon Ranger against Ernst Thalmann and others. No opinion. Motion granted.

**RANSWEILER, Respondent, v. WATSON et al., Appellants.** (Supreme Court, Appellate Division, Second Department. November 13, 1903.) Action by Henry Ransweiler, an infant, etc., against James H. Watson and James H. Pittinger.

**PER CURIAM.** Judgment and order affirmed, with costs.

**WOODWARD, J.,** dissents.

**REED & CARNRICK, Respondents, v. WHITE et al., Appellants.** (Supreme Court, Appellate Division, Third Department. November 17, 1903.) Action by Reed & Carnrick against Fred White and others. No opinion. Judgment modified, by inserting provision that plaintiffs first tender to defendants the sum of $500. for a conveyance of said premises, and, in case said conveyance shall not be made, plaintiffs shall have the relief provided by said judgment, and, as so modified, affirmed, without costs to either party. If order is not agreed upon, to be settled by HOUGHTON, J.

**REICH v. DYER et al.** (Supreme Court, Appellate Division, First Department. November 20, 1903.) Action by Elizabeth Reich against Edith L. B. Dyer and others. No opinion. Motion granted.

**REILLY v. FREEMAN et al.** (Supreme Court, Appellate Division, First Department. October 23, 1903.) Action by John Reilly, as assignee, against Charles Q. Freeman and others. No opinion. Motion denied, with $10 costs.

**RETTAGLIATTA, Appellant, v. HAYWARD et al., Respondents.** (Supreme Court, Appellate Division, First Department. October 23, 1903.) Action by Anna P. Rettagliatta, as administratrix, against Thomas J. Hayward and others. J. E. Judge, for appellant. Joseph N. Tuttle, for respondents. No opinion. Judgment affirmed, with costs, upon the authority of Gmaehle v. Rosenberg, 83 App. Div. 339, 82 App. Div. 366.

**RIGAS, Respondent, v. LIVINGSTON et al., Appellants.** (Supreme Court, Appellate Division, First Department. October 16, 1903.) Action

by Peter Rigas against George Livingston, as commissioner, etc., and others. No opinion. Motion denied, with $10 costs.

---

RIGAS, Respondent, v. LIVINGSTON et al., Appellants. (Supreme Court, Appellate Division, First Department. November 20, 1903.) Action by Peter Rigas against George R. Livingston and others. No opinion. Motion granted for leave to go to Court of Appeals upon giving undertaking. Question to be settled upon settlement of order.

---

RILEY, Respondent, v. TOWN OF CUBA, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 27, 1903.) Action by Michael Riley against the town of Cuba. No opinion. Judgment and order affirmed, with costs.

---

ROBBINS, Respondent, v. BRIDGMAN, Appellant. (Supreme Court, Appellate Term. November 18, 1903.) Action by Marcus Robbins against Malcolm L. Bridgman. From a judgment for plaintiff, defendant appeals. Affirmed. Charles H. Luscomb, for appellant. Maas & Goldberg, for respondent.

BLANCHARD, J. The only question which appears to have been seriously litigated in this action was whether or not the plaintiff's assignor was able to secure a theatrical license, as contemplated by the agreement of August, 1902. This was a question of fact, which the trial justice resolved in favor of the plaintiff, and we think his determination is fully justified by the evidence in the case. Judgment must be affirmed, with costs. All concur.

---

ROBINSON v. METROPOLITAN ST. RY. CO. (Supreme Court, Appellate Division, First Department. November 13, 1903.) Action by William Robinson against Metropolitan Street Railway Company. No opinion. Motion dismissed.

---

ROCHE, Respondent, v. MATTHEWS et al., Appellants. (Supreme Court, Appellate Division, Second Department. November 13, 1903.) Action by Margaret A. Roche against James Matthews and Gardiner D. Matthews. No opinion. Judgment of the Municipal Court affirmed, with costs.

---

ROCHESTER & EASTERN RAPID RY. CO., Respondent, v. WEILAND et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. November 24, 1903.) Action by the Rochester & Eastern Rapid Railway Company against Joseph H. Weiland and another.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion for retaxation granted, with $10 costs. The clerk is directed, upon such retaxation, to allow all the rejected items in the bill presented, excepting the $10 costs of motion for the appointment of commissioners. See Matter of Brooklyn Union Elevated Railroad Co., 176 N. Y. 213, 68 N. E. 249.

ROGERSON FRUIT & COLD STORAGE CO., Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 27, 1903.) Action by the Rogerson Fruit & Cold Storage Company against the New York Central & Hudson River Railroad Company.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion granted, upon payment by the defendant of all costs, except those upon this appeal, subsequent to the service of the original answer, with leave to the plaintiff to discontinue the action without costs. In case of such discontinuance, the plaintiff to recover costs as stated. Held that, the laches being sufficiently excused and it appearing that the plaintiff will not lose any right existing at the time of the commencement of the action by the proposed amendment, it must be regarded as in furtherance of justice to permit the defendant to set up the terms of the contract under which the goods were shipped.

STOVER, J., not voting.

---

ROSENBLUM, Appellant, v. LONG ISLAND R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. November 13, 1903.) Action by Jacob Rosenblum against the Long Island Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

---

ROSENSTOCK v. DESSAR et al. (Supreme Court, Appellate Division, First Department. October 23, 1903.) Action by Edgar H. Rosenstock, as ancillary executor, against Adolph Dessar and others. No opinion. Motion denied.

---

ROTH, Appellant, v. ARNEMANN et al., Respondents. (Supreme Court, Appellate Division, First Department. October 23, 1903.) Action by Frederick Roth against Martin Arnemann and others. A. P. Wagener, for appellant. J. Steiner, for respondents. No opinion. Judgment affirmed, with costs.

---

ROTHSCHILD, Appellant, v. DREYFUS, Respondent. (Supreme Court, Appellate Division, First Department. November 6, 1903.) Action by Victor H. Rothschild against Isaac Dreyfus. B. Tuska, for appellant. J. C. Guggenheimer, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

---

ROWLEY, Appellant, v. NELLIS et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. October 27, 1903.) Action by Caroline Rowley, as executrix, etc., against James B. Nellis and others.

PER CURIAM. Order appealed from (84 N. Y. Supp. 841) reversed, with $10 costs and disbursements, and motion granted. Held that, under the circumstances of this case, it was not a proper exercise of its discretion for the court below to hold that it was necessary that the plaintiff, in the action to foreclose the mortgage, should have made all the heirs parties thereto, and litigated the questions with reference to their liability for any deficiency arising in the foreclosure action.

STOVER, J., not voting.